JS-6

FILED
CLERK, U.S. DISTRICT COURT

2/16/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW AGE IMPORTS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> VD IMPORTERS, INC., and VINEET GUPTA, <br><br> Defendants/Counterclaimants. | Case No.: CV 20-11560-CJC (KESx) <br><br> **ORDER *SUA SPONTE* REMANDING CASE** |

## I. INTRODUCTION & BACKGROUND

Plaintiff New Age Imports brings this breach of contract action against Defendants VD Importers, Inc. and Vineet Gupta. (Dkt. 1 Ex. B [Complaint, hereinafter "Compl."].) Plaintiff designs, distributes, and sells a variety of products including, fragrances, statues,

tote bags, bowls, and clothing. (*Id.* ¶ 6.) Plaintiff owns the trademark "New Age Imports, Inc." for use in connection with these products. (*Id.* ¶ 7.) In 2017, Plaintiff filed a lawsuit alleging that Defendants had infringed Plaintiff's trademark through their sales of various products. (*Id.* ¶ 12); *see New Age Imports, Inc. v. VD Importers, Inc.*, No. No. 8:17-cv-02154 (C.D. Cal. Dec. 8, 2017). In June 2020, the parties entered into a settlement agreement that required Defendants to pay Plaintiff $80,000. (Dkt. 21-1 [hereinafter, "Settlement Agreement"] at 3.) Plaintiff alleges that the Settlement Agreement prohibited Defendants from selling eight enumerated products (the "Infringing Products"), but Defendants violated the agreement by continuing to sell these products. (Compl. ¶ 21.)[1]

Consequently, in November 2020, Plaintiff filed this action in Los Angeles Superior Court for breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 16–31.) Plaintiff seeks compensatory damages for lost profits, disgorgement of profits obtained by Defendants, injunctive relief prohibiting Defendants from selling the Infringing Products, and attorney's fees. (*Id.* ¶¶ 23–25.) In December 2020, Defendants removed the case, asserting that this Court had diversity jurisdiction over Plaintiff's claims. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] at 2.) Defendants then filed a counterclaim for declaratory judgment and breach of the covenant of good faith and fair dealing. (Dkt. 7.)

Defendants' notice of removal stated that the amount in controversy exceeded $75,000 but they provided no support for this assertion. (*See* NOR at 2.) On February 4, 2021, the Court issued an order to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. 18.) Defendants responded on February 12.

---

[1] The Infringing Products were two incense burners, a candle holder, an offering bowl, a cauldron, an altar table, an altar tarot cloth, and a stand tripod. (Settlement Agreement at 2.)

(Dkt. 19 [hereinafter, "Response"].) For the following reasons, the Court *sua sponte* **REMANDS** this action to Los Angeles Superior Court.[2]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. The removal statute is strictly construed "against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotations omitted).

## III. DISCUSSION

The Court lacks jurisdiction over Plaintiff's claims because Defendants have failed to establish that Plaintiff's claims meet the $75,000 amount-in-controversy requirement. When a defendant removes a case to federal court, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). But when "the court questions[] the defendant's allegation," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.*; *see Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (When the court "contests the truth of [a party's] factual allegations, . . . the responding party must support her

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context.").

Here, Plaintiff seeks compensatory damages for lost profits, disgorgement of profits obtained by Defendants, injunctive relief prohibiting Defendants from selling the Infringing Products, and attorney's fees. (Compl. ¶¶ 23–25.) In "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In the Ninth Circuit, the value of an injunction is determined using the "either viewpoint rule," which considers "the pecuniary result to either party [that] the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Accordingly, the value of the injunctive relief sought by Plaintiff may be measured by the value of either Defendants' right to sell the Infringing Products or the losses that Plaintiff would suffer due to Defendants' continued sale of the Infringing Products.

Defendants assert that the amount in controversy exceeds $75,000 but they fail to provide any evidence that establishes the value of the current lawsuit. Instead, Defendants contend that the amount in controversy exceeds $75,000 because it includes the value of the Settlement Agreement, which required Defendants to pay Plaintiff $80,000. (*See* Settlement Agreement at 3; Response at 6.) This argument is flawed, however, because the Settlement Agreement resolved Defendants' claims for trademark infringement, which sought punitive damages and statutory damages up to $2 million. (Response at 3.) In contrast, this case is for breach of contract and concerns only the value of Plaintiff's alleged lost profits and Defendants' allegedly unlawful profits from the sale of the Infringing Products. Defendants have not provided any information about the value of the Infringing Products or their sales volume, even after the Court ordered them to show cause why this Court has jurisdiction. Consequently, Defendants have

failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture.").

**IV. CONCLUSION**

"Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal" and there is at least some doubt here, *Gaus*, 980 F.2d at 566, the Court *sua sponte* **REMANDS** this case to Los Angeles Superior Court.[3]

DATED: February 16, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3] Because the Court remands this case for lack of subject matter jurisdiction, Defendants pending motion to seal is **DENIED AS MOOT**. (Dkt. 20.)